```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

ADRIAN PEELER,                  :
       Petitioner,              :
                                :   Crim. No. 3:99cr67 (AHN)
v.                              :   Civ. No. 3:03cv417 (AHN)
                                :
UNITED STATES OF AMERICA,       :
       Respondent.              :
```

RULING ON PETITION FOR
WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255

Petitioner Adrian Peeler ("Peeler") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255 to vacate, set aside/and or correct his November 9, 1999 conviction. Peeler pleaded guilty to conspiracy to possess with intent to distribute and distribution of multi-kilogram quantities of cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1) and 846. The court sentenced him to 420-months imprisonment and 10-years supervised release. Peeler now challenges his sentence on the grounds that he received ineffective assistance from his trial counsel. Specifically, Peeler alleges that his counsel (1) was "so preoccupied with [Peeler's] state death penalty case[] that he put [Peeler's] federal case at the bottom of his priority list;" (2) told him he would receive a 120-month sentence when in fact the court sentenced him to 35 years; and (3) misled Peeler into believing the entry of his guilty plea was a formality that could be withdrawn prior to sentencing. Peeler also claims that in standing "trial simultaneously in state and federal court

without giving counsel adequate time to . . . research" and investigate, he was under extreme duress such that he did "not fully grasp and understand the consequences of [his guilty] plea."

Peeler subsequently filed a Motion to Amend [doc # 329] his § 2255 petition, asserting that his sentence is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004). The motion to amend [doc # 329] is GRANTED, and the court will consider Peeler's Blakely claim as part of his § 2255 petition. As set forth below, Peeler's amended petition for a writ of habeas corpus [doc # 314] is DENIED.

## FACTS AND PROCEDURAL BACKGROUND

Peeler and his brother, Russell Peeler, Jr. ("Russell Peeler"), ran a highly-structured narcotics trafficking organization in Bridgeport, Connecticut, that was responsible for the distribution of approximately one-kilogram of crack cocaine per week. A grand jury indicted Peeler and others in connection with those activities on April 8, 1999.

### A. The Plea Agreement

On November 9, 1999, Peeler entered into a written plea agreement with the government. Pursuant to that agreement, Peeler acknowledged that he understood he was pleading guilty to conspiracy to possess with intent to distribute and distribution of multi-kilogram qualities of crack cocaine. He acknowledged

that he understood he faced a mandatory minimum 120-month term of imprisonment, a maximum of lifetime imprisonment, a mandatory minimum term of supervised release of five years, as much as lifetime supervised release following any term of imprisonment imposed, and $4,000,000 in fines. Peeler acknowledged that he understood that sentence would be imposed pursuant to the federal sentencing guidelines and that the court may depart from those guidelines under certain circumstances.

In the plea agreement Peeler also acknowledged that he was pleading guilty freely and voluntarily because he is guilty, and not because of any threats, force, intimidation or coercion of any kind. He acknowledged that he was entering into the agreement to plead guilty without reliance upon any discussions with the government and without promise of benefit of any kind. He further acknowledged that no promises, other than those contained in the written agreement, had been made in exchange for his guilty plea.

Peeler acknowledged that he was completely satisfied with the advice and representation by his counsel and that he had read the plea agreement, had ample time to discuss it with his counsel, and that he fully understood and accepted its terms.

B. <u>The Rule 11 Colloquy</u>

On November 9, 1999, Peeler appeared before United States Magistrate Judge Holly B. Fitzsimmons for the purpose of entering

his plea of guilty. The defendant was represented at the change of plea by Attorney Bruce Koffsky. Also at counsel table with the defendant were Attorney Audry Felson, an associate in Attorney Koffsky's office, and Attorney Patrick Culligan of the State Capital Defenders Unit.

Peeler was put under oath, sworn to tell the truth, and advised that his answers to the court's questions were subject to the penalties of perjury.

At the court's request, the prosecutor summarized the plea agreement between the parties including that portion which specified the mandatory minimum penalty and maximum penalty he faced including the effect of the supervised release term. After the prosecutor recited the possible penalties, the court personally advised Peeler of the mandatory minimum and maximum penalties. The court ensured that Peeler understood his sentencing exposure and that he had discussed the operation of the Federal sentencing guidelines with his counsel.

The court then made certain that no promises had been made to Peeler in exchange for his plea of guilty, apart from those promises contained in the plea agreement. The court specifically ascertained that no one had made any promises or representations to Peeler concerning what sentence he might receive from the court. The court explained and the defendant indicated he understood that it was not possible to accurately determine his

guideline range until completion of the presentence investigation report.  The court further explained and made certain Peeler understood that even though his counsel may have given him his best judgment of what he thought the sentencing guideline would be, his calculation may not be accurate.  The court explained, and Peeler indicated he understood, that if his counsel's prediction about the likely sentencing guideline range were wrong, he would not be permitted to withdraw his plea of guilty.

At the conclusion of the Rule 11 canvass, the magistrate judge made findings based on Peeler's answers under oath, that he was competent to plead guilty, that he understood the charges against him, was aware of the mandatory minimum and maximum penalties, the operation of the supervised release term, the sentencing guidelines, and that his plea was entered knowingly and voluntarily.

The court accepted Peeler's plea, which was part of an agreement with the government, after canvassing the defendant.  On May 30, 2000, the court sentenced Peeler to 420-months imprisonment followed by 10 years of supervised release.  Peeler filed a timely notice of appeal.

    C.  <u>Direct Appeal</u>

On appeal Peeler was represented by new counsel and raised the following claims: (1) that his trial counsel was constitutionally ineffective; (2) that the court abused its

5

discretion in declining to grant his request for a continuance of sentencing; (3) that the court failed to explain its basis for selecting the sentence; and (4) that the sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000).  On November 8, 2001, the Second Circuit rejected Peeler's claims. See United States v. Kennedy, 21 Fed. Appx. 82 (2d Cir. 2001). Peeler subsequently petitioned for a writ of certiorari, which was denied on March 25, 2002.  See Peeler v. United States, 535 U.S. 961 (2002).  Peeler's conviction became final on April 8, 2002.

## DISCUSSION

Peeler now seeks to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 on the grounds that he received constitutionally inadequate counsel and that he was under duress when he entered his plea.  The government contends that Peeler's ineffective assistance of counsel and due process claims are procedurally barred, and that even if they were properly before the court, they would fail because Peeler has failed to meet the Strickland standard and his guilty plea was voluntary.  The government also maintains that Peeler may not avail himself of Blakely/Booker because his conviction was final before January 12, 2005.  The court agrees with the government that Peeler's petition is meritless.

A.   Procedural Bars to Peeler's Claims

6

As a threshold matter, Peeler's ineffective assistance of counsel and due process claims are procedurally barred because the Second Circuit did or could have considered these issues on direct appeal of his conviction and sentencing. The Second Circuit has stated that "because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Ciak v. United States, 59 F.3d 296, 301 (2d Cir. 1995). See also United States v. Frady, 456 U.S. 152, 165 (1982) ("An error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment") (internal quotation marks and citation omitted).

Specifically, "a § 2255 motion may not relitigate issues that were raised and considered on direct appeal." United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). Nor may habeas petitioners "assert claims they failed to raise at trial or on direct appeal unless they can show 'cause' for the default and 'prejudice' resulting from it." Ciak, 59 F.3d at 302 (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)). "Together, these two rules mean that a prior opportunity for full and fair litigation is normally dispositive of a federal prisoner's habeas claim." Reed v. Farley, 512 U.S. 339, 358 (1994) (quoting

7

<u>Withrow v. Williams</u>, 507 U.S. 680, 720-721 (1993)).

Peeler's ineffective assistance of counsel claim is barred because the Second Circuit considered the same claim on direct appeal and rejected it.  <u>See</u> <u>United States v. Kennedy</u>, 21 Fed. Appx. 82 (2d Cir. 2001).  On the other hand, Peeler's due process claim is barred because Peeler did not raise it on direct appeal and has not shown cause for failing to do so.  <u>See</u> <u>United States v. Campino</u>, 968 F.2d 187, 190-91 (2d Cir. 1992) (failure to raise a constitutional issue on direct appeal is itself a default of normal appellate procedure, which can only be overcome by showing cause and prejudice).  Peeler has not alleged, much less demonstrated, both cause and prejudice with regard to these claims.  Further, all of the facts that form the basis of these claims were either known or available to him -- and to his new counsel -- at the time of his direct appeal.  Thus, the claims Peeler has raised in his habeas petition are barred on procedural grounds.

    B.   <u>Ineffective Assistance of Counsel Claim</u>

But even if Peeler's claims were not procedurally barred, they would fail substantively.  The core of Peeler's habeas petition is that his trial counsel was ineffective.  Specifically, Peeler claims that his counsel promised him that he would receive a sentence of 120-months imprisonment and also told him that his guilty plea was a mere formality that could be

8

retracted at any time before sentencing.  The government submits that these claims are factually flawed, but even if they are presumed to be true, Peeler would be not entitled to relief because he does not demonstrate that, but for counsel's alleged errors, he would not have pleaded guilty.  The court agrees.

    i.   Governing Law

There is a strong presumption that counsel provides effective assistance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  Under Strickland, a habeas petitioner claiming ineffective assistance of counsel must make a two-part showing.  First, petitioner must demonstrate that counsel's performance was deficient -- that is, errors were made of such serious magnitude that petitioner was deprived of the counsel guaranteed by the Sixth Amendment.  See id.  Second, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result would have been different.  See id. at 694.  In the context of a guilty plea, the second element of the Strickland test requires that the petitioner demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

    ii.   Discussion

Peeler's contention that he received ineffective assistance of trial counsel is factually flawed.  The claims Peeler makes in

9

support of this contention -- that counsel promised him the minimum sentence and misled him into believing that his plea of guilty could be withdrawn -- are contradicted by the record.

Contrary to Peeler's allegations, the plea agreement and his sworn testimony in the Rule 11 colloquy show that Peeler was, in fact, aware of his sentencing exposure (including the operation of the sentencing guidelines and the guideline range), was aware of the consequences of his plea, and that he entered his guilty plea knowingly, voluntarily, and not under the influence of any promises other than those contained in the plea agreement. Peeler's self-serving claims that are contrary to the record should not, and will not, be credited.  See United States v. Gonzalez, 970 F.2d 1095, 1101 (2d Cir. 1992) (a defendant's statements made under oath during a plea colloquy should be regarded as conclusive).  Nonetheless, even if Peeler's claims were true, they would still not be sufficient to sustain a claim of ineffective assistance of counsel.

In United States v. Sweeney, 878 F.2d 68, 70 (2d Cir. 1989), the Second Circuit held that an attorney's erroneous sentencing guideline prediction did not support a claim of ineffective assistance of counsel.  So, even if Peeler's attorney had erroneously predicted that Peeler would receive 120 months and Peeler relied on that prediction, his claim of ineffective assistance of counsel would fail on the merits.

This is also true with regard to Peeler's claim that he was misled into believing that he could withdraw his plea. But even if it were factually supported, the court was, and is, entitled to rely upon Peeler's sworn statements, made in open court with the assistance of counsel, that he understood the consequences of his plea, had discussed the plea with his attorney, knew that he could not withdraw his plea, and had been made no promises except those contained in the plea agreement. See United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea."). Accordingly, Peeler's sworn statement renders this claim insufficient to sustain an allegation of ineffective assistance of counsel.

C. Due Process Claim

Peeler's due process claim is based on his contention that, because he was standing trial simultaneously in state and federal court, his counsel did not have ample time to prepare and investigate and Peeler himself was under extreme duress that prevented him from "fully grasp[ing] and understand[ing] the consequences of [his guilty] plea."[1] This claim is rejected

---

[1] This claim could alternatively be interpreted as an ineffective assistance of counsel claim, arguing that counsel was ineffective for allowing Peeler to plead guilty while under duress. The claim still fails under this interpretation,

11

because it is in direct opposition to the plea agreement and Peeler's sworn testimony at the Rule 11 canvass.

In the plea agreement Peeler acknowledged that he was pleading guilty freely and voluntarily because he is guilty, and not because of any threats, force, intimidation, or coercion of any kind. There is nothing in the record that suggests his admissions were anything but the truth and, as noted, a defendant's statements made under oath during a plea colloquy should be regarded as conclusive. See United States v. Gonzalez, 970 F.2d 1095, 1101 (2d Cir. 1992).

Nonetheless, if Peeler's allegation that he was under duress was presumed true, his due process claim would still fail on the merits. Peeler claims that his extreme duress was the result of his being prosecuted simultaneously in state and federal courts. But the threat of prosecution under state law where the facts warrant prosecution is not coercion or intimidation that renders a guilty plea to a federal offense involuntary. See O'Neill v. United States, 315 F. Supp. 1352 (D. Minn. 1970). Accordingly, the due process claim is rejected.

---

however, due to the second-prong of Strickland, which requires a petitioner to demonstrate that, but for counsel's deficient performance, the result would have been different. See Strickland, 466 U.S. at 694 (citing cases). Peeler offers no evidence that he would not have pleaded guilty even if he was not under duress, and therefore an ineffective assistance claim based on this fact would also be unsuccessful.

12

D.   Sixth Amendment Claim

In his amended § 2255 petition, Peeler claims that he is entitled to relief based on Blakely v. Washington, 542 U.S. 296 (2004).  Since that case specifically concerns the statutes of the state of Washington, the court construes Peeler's claim as a Sixth Amendment challenge to his sentence under Blakely's federal corollary, United States v. Booker, 543 U.S. 220 (2005).  Peeler's claim under Booker, however, is without merit.

In Guzman v. United States, 404 F.3d 139 (2d Cir. 2005), the Second Circuit held that Booker did not establish either a substantive rule or a "watershed rule" of procedure.  See id. at 142-43.  The court thus concluded that Booker "does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued."  See id. at 144.  Peeler's conviction became final on April 8, 2002.  Thus, Peeler's Sixth Amendment claim under Booker is rejected because Booker is not retroactive.

## CONCLUSION

For the foregoing reasons, Peeler's motion to amend [doc # 329] his petition for a writ of habeas corpus is GRANTED, and his amended petition for a writ of habeas corpus [doc # 314] is DENIED.  Because Peeler fails to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  See 28 U.S.C. § 2253 (a)(2).

So ordered this 28th day of June, 2006, at Bridgeport, Connecticut.

```
            /s/
_____
Alan H. Nevas
United States District Judge
```