**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:1999-cr-67 (JBA) |
| | : | |
| ADRIAN PEELER | : | October 30, 2021 |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS FOR
<u>REDUCTION IN SENTENCE</u>**

On January 23, 2020, Mr. Peeler filed a motion seeking a reduction in his sentence, with eligibility for such a reduction premised upon Section 404 of the First Step Act, permitting the Court to reconsider sentences of certain defendants sentenced under the crack cocaine sentencing scheme in place prior to the 2010 Fair Sentencing Act.

On October 30, 2021, Mr. Peeler has separately moved for a reduction in sentence based upon the presence of extraordinary circumstances under Section 603 of the First Step Act. The substantive grounds for the requested reduction in sentence are unchanged from those animating Mr. Peeler's original motion; however, as Mr. Peeler is eligible for relief under multiple prongs of the First Step Act, Defendant moves under both prongs. The following memorandum briefly addresses issues specific to Mr. Peeler's eligibility under Section 603.

In addition, and in support of both motions for a reduction in sentence, Defendant submits the accompanying psychological evaluation recently performed by Dr. Wendy Levy addressing Mr. Peeler's present psychological and emotional status and functioning. This evaluation responds to—and rebuts—the suggestion in the state's attorney's letter at ECF No. 405-1 that "it's difficult to think of [Mr. Peeler] as a person with a soul or with any kind of human feelings."

**The Court may reduce Mr. Vicente's sentence pursuant to the First Step Act based on the presence of extraordinary and compelling reasons**

The First Step Act of 2018 grants sentencing courts authority to reduce an otherwise final term of imprisonment for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act removed the BOP as the sole arbiter of "compassionate release" motions, and allowed defendants to bring compassionate release motions if the BOP declines or fails to act. *See* 18 U.S.C. § 3582(c)(1)(A).  With the changes made to the compassionate release statute by the First Step Act, courts need not await a motion from the BOP to resentence prisoners under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons."

When a defendant brings a motion under 18 U.S.C. § 3582(c)(1)(A), the Court "may consider the full slate of extraordinary and compelling reasons and nothing in the now-outdated version of [U.S.S.G. §] 1B1.13 limits [the Court's] discretion." *United States v. Sturdivant*, No. 3:12-CR-74 (SRU), 2020 WL 6875047, at *3 (D. Conn. Nov. 23, 2020) (Underhill, C.J.) (internal citation and quotation marks omitted).  Because U.S.S.G. § 1B1.13 was not revised following the First Step Act, the compassionate release Guideline "is clearly outdated" and "is not 'applicable' to compassionate release motions brought by defendants," and the BOP Director's determination of what constitutes "extraordinary and compelling" "cannot constrain district courts' discretion to consider whether *any* reasons are extraordinary and compelling." *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020) (Calabresi, J.) (emphasis added)  "Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *Id.* at 237.

Importantly, the *Brooker* Court explicitly referenced the statutory availability of sentence reductions to a term of years greater than time served, but less than the original sentence imposed. In *Brooker*, Judge Calabresi clarified that "compassionate release is a misnomer," that "18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions," and that "[a] district court could, for instance, reduce but not eliminate a defendant's prison sentence." *Id.* at 237.

2

Accordingly, this Court can decide what constitutes an "extraordinary and compelling" reason for a sentence reduction.  In particular, this Court has authority to consider whether the circumstances of this case, including Mr. Peeler's well documented efforts at rehabilitation and the ambiguities in the record regarding whether his federal prison sentence was intended to run concurrent with his state sentence, satisfy the "extraordinary and compelling" standard.

For the reasons articulated in Defendant's previous submissions, this standard is amply met, and a reduced sentence is called for under the analysis set forth in 18 U.S.C. § 3553(a).

Finally, Mr. Peeler has satisfied the "exhaustion" requirement of 18 U.S.C. § 3582(c)(1)(A). Because Mr. Peeler is held in the custody of the Connecticut Department of Correction and is not incarcerated in a BOP facility, he has no available administrative recourse or means of administratively seeking a reduction in his sentence. Because Mr. Peeler lacks any means of achieving relief through the BOP, this motion is ripe for consideration by this Court.

## Mr. Peeler is psychologically and emotionally well-adjusted

In ECF No. 405-1, two Connecticut state's attorneys involved in Mr. Peeler's state matter over two decades ago offer their unsolicited view. In important respects the state's attorneys' account of Mr. Peeler's state matter appears to ask this Court to credit testimony that the state jury rejected in declining to convict Mr. Peeler of the murder he was charged with. This effort to relitigate a 20-year-old case is both inappropriate and unsupported.

Mr. Peeler, moreover, will soon complete his sentence for that state matter, and the question before the Court now concerns the proper punishment for Mr. Peeler's separate federal conviction for the distribution of crack cocaine. The question now before the Court, in other words, concerns the correct sentence *today* as it relates to Mr. Peeler's drug dealing conviction two decades ago.

3

The state's attorneys also offer speculative—and vitriolic—commentary concerning Mr. Peeler, claiming that "a review of the defendant's life reveals that it is without meaning or merit. It is a list of negatives with no positives. He is an extremely dangerous and cruel and heartless person. Jails were made for people like Adrian Peeler and his brother. Quite frankly, it's difficult to think of him as a person with a soul or with any kind of human feelings. He's a self-centered, self-absorbed coward." ECF No. 405-1.

The record before this Court readily belies the claim that Mr. Peeler's life in prison has been "a list of negatives." And while the state's attorneys' incapacity to imagine the humanity of those they prosecute is deeply disturbing, the allegation that Mr. Peeler shares these features of sociopathy requires some response. Defendant has therefore obtained a psychological report concerning Mr. Peeler's present psychological functioning. That report, filed under seal as **Exhibit 20**, concludes that Mr. Peeler is indeed human—and despite the difficulties of life in prison has grown into a man who is "energetic, optimistic, and capable of developing synergetic relationships with others":

Emotional functioning assessment suggests he has no major psychiatric or personality disturbances. That said, he is undergoing psychosocial stressors due to situational issues, such as his current legal case. On occasion, he may become frustrated by circumstances outside of his control, being incarcerated, and may react to what appears to be unusual, adversarial situations. He tends to downplay any distressing emotions and will deny troublesome relationships with others. To his credit, he seems to have processed and resolved earlier periods of grief, as well as oppositional behaviors.

In general, he is energetic, optimistic, and capable of developing synergetic relationships with others. He has a strong need to pursue unusually challenging endeavors and goal directed behaviors others may find unrealistic—to wit, the Yale Prison Initiative. He has a forceful and driven energy level, and can be restless and indefatigable. He views himself as efficient, disciplined, and industrious, adaptive qualities he probably honed during years of incarceration.

4

Respectfully submitted,

THE DEFENDANT,
Adrian Peeler

OFFICE OF THE FEDERAL DEFENDER

Dated: October 30, 2021                     s/ James P. Maguire
                                            James P. Maguire
                                            Assistant Federal Defender
                                            265 Church Street, Suite 702
                                            New Haven, CT 06510
                                            Phone: (203) 498-4200
                                            Bar No.: ct29355
                                            Email: James_Maguire@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 30, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                              /s/ James Maguire
                              James P. Maguire