UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 3:99cr67(JBA) |
| v. | |
| ADRIAN PEELER | November 11, 2021 |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF A REDUCTION IN SENTENCE**

On January 23, 2020, the defendant filed a motion seeking a sentence reduction premised on Section 404 of the First Step Act. [Doc 397]. On May 22, 2020, the Government filed its opposition to the motion. [Doc 398]. On October 30, 2021, the defendant separately moved for a reduction in sentence under Section 603 of the First Step Act for "extraordinary circumstances". The Government submits this memorandum to (a) supplement the analysis relating to eligibility for relief under Section 404 of the First Step Act with case law from the Second Circuit; (b) oppose the defendant's motion for relief under Section 603; and (c) submit an additional victim impact statement from the family of Karen Clarke and Leroy "BJ" Brown.

A.   **First Step Act -Section 404**

   1.   **The Defendant's Offense of Conviction is a "Covered Offense"**

In its original response to the defendant's motion, the Government argued that Peeler's conviction was not a "covered offense" because, as alleged in the superseding indictment and acknowledged during his plea and sentencing hearings, Peeler's offense involved the distribution of "multi-kilograms" of crack cocaine. In making that argument, the Government observed that it was an open question as to whether the First Step Act's definition of a "covered offense" refers to the offense of conviction (that is, the specific statute charged) or the actual offense conduct.

1

This issue was resolved in *United States v. Davis*, 961 F.3d 181 (2d Cir. 2020) and its progeny. Accordingly, the Government does not contest that the defendant's offense of conviction is a "covered offense" under Section 404 of the First Step Act

### 2. The Court is Not Required to Conduct a Plenary Resentencing

After determining eligibility for relief, the next step is for the reviewing court to "determine whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore,* 975 F.3d 84, 89 (2d Cir. 2020).

As set forth in the original opposition, the Government requests the Court to exercise its discretion to deny the defendant's motion.  *See* Opp. Mem at 21-26 [Doc. 398]  Since filing that memorandum, the Second Circuit has issued several decisions underscoring the district court's discretion and emphasizing that a district court is neither required to conduct a plenary sentencing nor consider the § 3553 factors. *Id. at*  90-92 ("By its express terms, the statute does not require plenary resentencing or operate as a surrogate for collateral review, obliging a court to reconsider all aspects of an original sentencing…  But § 404(b) issues no directive to allow re-litigation of other Guidelines issues—whether factual or legal—which are unrelated to the retroactive application of the Fair Sentencing Act."); *United States v. Moyhernandez,* 5 F.4th 195, 202-03 (2d Cir. 2021) (describing the First Step Act as a limited procedural vehicle that does not require a court to broadly revisit every aspect of a criminal sentence.  "However, it follows from *Moore* that*,* because the § 3553(a) factors do not flow from §§ 2 and 3 of the Fair Sentencing Act, district courts have no obligation to apply them").

**B.    First Step Act – Section 603**

On October 30, 2021, Peeler separately moved for a reduction in sentence under Section 603(b) of the First Step Act. [Doc. 416 at 1]. Section 603(b) authorized courts to consider an inmate's motion for a discretionary sentence modification for "extraordinary and compelling reasons," often colloquially called a motion for compassionate release. 18 U.S.C. § 3582(c).

A court may reduce a defendant's sentence if, after considering the factors set forth in section 3553(a), it finds that "extraordinary and compelling circumstances warrant such a reduction". 18 U.S.C. § 3582(c)(1)(A)(i).[1].

As the movant, Peeler bears the burden of establishing that he is eligible for a sentence reduction. *United States v. Ebbers,* 432 F.Supp.3d 421, 426 (S.D.N.Y. 2020); *see also United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016).

**1.    Peeler Has Not Identified "Extraordinary and Compelling" Reasons Warranting a Reduction**

Under § 3582(c)(1)(A), "the court may not modify a term of imprisonment once it has been imposed except that…after considering the factors set forth in section 3553(a)…if it finds that extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i); *United States v. Brooker,* 976 F.3d 228, 237 (2d Cir. 2020).

Unlike most compassionate release motions before this Court, Peeler does not claim to have a serious medical condition warranting relief. Instead, Peeler simply asserts that he has

---

[1] As defendant acknowledges, exhaustion of administrative remedies is a prerequisite to a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The Government has not located any cases comparable to the present facts, that is, where the defendant sought compassionate release before beginning to serve their federal sentence. However, the Government does not dispute that, "[a] person held in a non-BOP facility cannot present a request to the warden and therefore exhaustion is not required." *United States v. Hernandez,* 2020 WL 1684062 (S.D.N.Y. Apr. 2, 2020).

done well in prison, participated in educational and other programming and (with the notable exception of the first 15 years of his incarceration) has not had any disciplinary issues.

Peeler's claims of rehabilitation are commendable, but they cannot by themselves justify release under § 3582(c)(1)(A). Per statute, rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 app. note 3. ("rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." ); *United States v. Brooker,* 976 F.3d 228, 237-38 (2d Cir. 2020) ("The court's discretion is subject to only one statutory constraint: it shall not consider rehabilitation alone an extraordinary and compelling reason.")

To avoid this result, the defendant suggests that he is relying on rehabilitation and "ambiguities in the record regarding whether his federal prison sentence was intended to run concurrent with his state sentence." Def. Supp. Mem at 3 [Doc 416]. This thinly-veiled attempt to avoid the statutory barrier should be rejected.

There simply are no ambiguities in the federal sentence imposed by Judge Nevas. Peeler's federal sentencing **preceded** his state murder trial and sentencing. Accordingly, Judge Nevas was not required to opine on whether the federal sentence should run consecutive or concurrent to any future state sentence. *Setser v. United States,* 566 U.S. 231, 234-37 (2012).

In fact, the record makes clear that Judge Nevas purposely chose to be silent about how the federal sentence should run because Peeler had not yet been convicted. During the sentencing hearing, defense counsel noted concerns about pretrial publicity because Peeler's state court jury selection was scheduled to begin soon. Sentencing Tr [Doc 258] at 8-12. Judge Nevas carefully avoided discussing the pending murder case during the sentencing hearing (often referring to it as

the "other matter") and repeatedly advised that the Court's sentence was made without considering the pending state charges.

Additionally, defendant suggests the "ambiguity" stems from a purported inconsistency because Judge Nevas imposed a concurrent sentence on Russell Peeler. However, at the time of Russell Peeler's federal sentencing, he had already been convicted and sentenced to 105 years' imprisonment for the murder of Rudy Snead. Sentencing Tr [Doc. 219] at 6, 13.

In other words, Judge Nevas's decision to not opine on whether Peeler's federal sentence should run consecutive or concurrent to any future state sentence was neither ambiguous nor inconsistent. Instead, it was consistent and clearly related to the posture of Adrian Peeler's state case at the time of the federal sentencing. The Court should reject this attempt to subvert the statutory prohibition on relying solely on rehabilitation for compassionate release.

### 2.   Consideration of the § 3553 Factors

If the Court decides to consider the substance of Peeler's compassionate release motion, it should deny such relief after consideration of the § 3553 factors.

Peeler has served only 23 years of an effective 60 year sentence for his (a) leadership role in a violent and lucrative drug trafficking operation that terrorized the City of Bridgeport, (b) the execution-style murder of an innocent child and his mother in their own home to prevent them from testifying in his brother's murder trial; (c) the assault of a corrections officer; and (d) escape from custody.

Neither the nature and circumstances of Peeler's offense nor his background support release. *See* Gov't Opp. at 22-24 [Doc 398]. Moreover, release is inconsistent with and contrary to the goals of sentencing, which include the need "to reflect the seriousness of the offense, to

promote respect for the law,[ ] to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, [and] to protect the public from further crimes of the defendant. *See* Gov't Opp. at 25-26 [Doc 398].

In support of his release, Peeler provided a psychological evaluation (the "Report") in an effort to demonstrate that he is psychologically and emotionally well-adjusted. The Government submits that the Report demonstrates that Peeler continues to deny and/or minimize his conduct. *See* Report at 4-5. For example, (a) he attempts to rationalize his conviction for risk of injury as retribution for someone shooting at his parents' house -- without any acknowledgement of the harm he caused to the children inside; and (b) describes his conviction for conspiracy to commit murder as "an incident in which he was arrested for murder" without any specific acknowledgement of his role in the murders of two innocent people. The Report appears to recognize this concern by describing Peeler as engaging in "positive impression management." Report at 11, 12.

In addition to his unwillingness to fully accept responsibility and acknowledge the severity of his crimes, the Government is concerned with the safety of the community. The psychologist reported that Peeler "[o]n occasion, []may become frustrated by circumstances outside his control and may react to what appears to be unusual, adversarial situations." *Id* at 12. The Government submits that, when considered with Peeler's violent past, such an observation is an ominous warning.

C. **<u>Additional Victim Impact Statement</u>**.

Today, the Government received a letter written by Oswald Clarke (Karen Clarke's brother / BJ's uncle) and signed by immediate and extended family members who continue to grieve today –more than twenty years after Karen and BJ (pictured below) were brutally executed in their home. The letter is attached hereto as Exh. A.



**Conclusion**

The Government requests the Court to decline to exercise its authority to reduce Adrian Peeler's sentence under Section 404(b). In addition, the Government requests the Court to deny release under Section 603 and reserve its compassion for the victims whose lives were torn apart by Adrian Peeler's violent crimes and the many kilograms of drugs he trafficked.

Respectfully submitted,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

*Nancy V. Gifford*

NANCY V. GIFFORD
ASSISTANT U.S. ATTORNEY
Fed. Bar. No ct16324
Nancy.Gifford@usdoj.gov
450 Main Street
Hartford, CT  06103
Tel.:  860-947-1101

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2021 a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

*Nancy V. Gifford*

_____
NANCY V. GIFFORD
ASSISTANT U.S. ATTORNEY