UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 3:99-cr-67 (MPS) |
| v. | : |
| ADRIAN PEELER | : May 3, 2024 |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

The United States of America respectfully submits this memorandum in opposition to the defendant's motion for reconsideration of the Court's denial of his second motion for a reduction in sentence.

**Procedural Background**

On April 16, 2024, the Court denied the defendant's second motion for a reduction in sentence (the "Ruling"). Docket No. 460. On April 30, 2024, the defendant filed a notice of appeal of the Ruling. Docket No. 461. On the same date,[1] the defendant also filed a motion for reconsideration of the court's Ruling. Docket No. 462.

**Discussion**

The filing of a notice of appeal divests a district court of jurisdiction to rule on the defendant's motion for reconsideration. "The filing of a notice of appeal is an event of jurisdictional significance," which "confers jurisdiction on the courts of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *United States*

---

[1] Although the defendant's motion is dated April 24, 2024, it was not filed until April 30, 2024.

*v. Heyward*, No. 15-CR-445 (PAE), 2020 WL 3872148, at *2 (S.D.N.Y. July 9, 2020) (noting that a district court "is without authority to 'rule on any motion affecting an aspect of the case that [is] before the [Court of Appeals].'" (quoting *Ching v. United States*, 298 F.3d 174, 180 n.5 (2d Cir. 2002)). A district court will not regain jurisdiction until the issuance of the mandate by the clerk of the court of the appeals. *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996).

Federal Rule of Criminal Procedure 37 provides that, in these circumstances, a district court may (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue—i.e., enter an indicating ruling. If the Court were to issue an indicative ruling in the defendant's favor, the defendant would then have to notify the Second Circuit, and the Second Circuit could then remand for this Court to decide the motion. *See* Rule 37.

Because Peeler's motion fails to raise a meritorious argument for relief, an indicative ruling is not warranted. The defendant's motion for reconsideration simply seeks to re-litigate four issues already considered by this Court. First, the defendant disputes that the drug trafficking operation was sophisticated and, interwoven in this argument, is the defendant's youth at the time of the offense. In the Ruling, the Court provided substantial (and undisputed) factual support for its conclusion that the drug trafficking operation was a sophisticated and deadly operation. *See* Ruling at 8-9, 11-12. Moreover, it expressly acknowledged that it understood and considered the defendant's age at the time of the offense. *Id.* The fact that the defendant disagrees

with the Court's conclusion is not sufficient to warrant reconsideration.

Second, the defendant's argues that Judge Arterton's prior decision, in which she reduced the defendant's term of incarceration from 35 years to 15 years, did not foreclose additional relief. The Court did not state that such relief was foreclosed. Instead, after careful consideration of the record, the Court concluded that additional relief was not warranted. *See* Ruling at 12 ("Judge Arterton reduced Peeler's sentence from 420 months of incarceration to 180 months. Peeler has served a small fraction of that reduced sentence. Further reduction of this sentence would not adequately reflect the seriousness of the offense or promote respect for the law.").

Third, the defendant claims that the defendant's sentence of 15 years is inconsistent with "contemporary sentencing practices" whether considered alone or in tandem with the 20 years he served for conspiracy to commit murder. The Court was aware of the cumulative amount of time that the defendant has been in state and federal custody and clearly articulated its reasoning, including the very serious nature of the offense, when it concluded that a further reduction was not warranted. *See e.g. Ruling* at 9, 12.

Finally, the defendant argues that the Court should have found that the need to care for the defendant's father is sufficient to warrant relief. In support of this, the defendant argues (without citation to any legal authority) that the following standard of review should apply: "Where family members need care and defendants show they can be appropriately released into the community, courts can and should be released" Def. Mot. To Reconsider at 5. As set forth in the Ruling, this is not an accurate

reflection of the status of the law. *See* Ruling at 4 – 6 (explaining that it was Peeler's burden to establish that his father is currently incapacitated and that Peeler is the only available caregiver). Here, the defendant failed both prongs because he did not establish that his father's current medical condition rendered him unable to care for himself nor did he provide evidence that he was the only available option to provide the care. *Id* at 6.

## Conclusion

In consideration of the foregoing, the Government requests the Court to deny the defendant's motion because (1), the Court does not have jurisdiction to grant the defendant's motion due to the pending appeal; and (2) an indicative favorable ruling is unwarranted.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Nancy V. Gifford*
NANCY V. GIFFORD
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct16324
450 Main Street
Hartford, CT 06103
Tel: 860-947-1101
Email: Nancy.Gifford @usdoj.gov

CERTIFICATION OF SERVICE

This is to certify that on May 3, 2024, a copy of the foregoing Opposition to the Motion for Reconsideration was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System.

                                         BY:   /s/ Nancy V. Gifford
                                                   NANCY V. GIFFORD
                                                   ASSISTANT UNITED STATES ATTORNEY